# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOKENDRA KUMAR CHAND, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01521-XR |
| | § | |
| TODD M. LYONS, ACTING DIRECTOR | § | |
| OF US ICE; MIGUEL VERGARA, SAN | § | |
| ANTONIO FIELD OFFICE DIRECTOR, | § | |
| US IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; DAREN K. | § | |
| MARGOLIN, DIRECTOR OF THE | § | |
| EXECUTIVE OFFICE FOR | § | |
| IMMIGRATION REVIEW; AND | § | |
| WARDEN, KARNES COUNTY | § | |
| IMMIGRATION PROCESSING CENTER, | § | |
| *Respondents* | § | |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

On this date, the Court considered Petitioner Lokendra Kumar Chand's Petition for Writ of Habeas Corpus (ECF No. 1), Respondents' response (ECF No. 4), and Petitioner's reply (ECF No. 5).  After careful consideration, the petition is **GRANTED.**

## BACKGROUND

Petitioner Lokendra Kumar Chand is a native of Nepal who entered the United States without inspection or admission on February 6, 2024.  ECF No. 1 ¶ 14; ECF No. 1-2 at 4.  On February 7, 2024, Chand was detained for about one day and then released on his own recognizances pursuant to 8 U.S.C. Section 1226.  ECF No. 1 ¶ 16; ECF No. 1-2 at 2.  Chand complied with all conditions of his release.  ECF No. 1 ¶ 18.  He attended all of his immigration hearings and appointments.  *Id.*  And he applied for asylum on August 21, 2025.  *Id.* ¶ 15.

Nonetheless, on November 13, 2025, Immigration and Customs Enforcement ("ICE") once again detained Chand.  *Id.* ¶ 19.  He was not given a reason for his re-detention, and his release on

his own recognizance was not vacated. *Id.* Respondents have determined that Chand is ineligible for bond. *Id.* ¶ 23.

According to Chand's Petition, ICE is detaining him based on a novel reading of 8 U.S.C. Section 1225(b)(2)(A) adopted by the Board of Immigration Appeals ("BIA"). ECF No. 1 ¶¶ 22–24. Under that reading, Section 1225(b)(2)(A) would generally require the detention of every noncitizen who entered the country without inspection, unless they are "clearly and beyond a doubt entitled to be admitted." *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); 8 U.S.C. § 1225(b)(2)(A).

Respondents claim Chand is detained pursuant to 8 U.S.C. Section 1225(b)(1), which allows expedited removal of certain "arriving" noncitizens and of certain noncitizens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" they were determined inadmissible "under" Section 1225(b)(1). 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

Chand filed this habeas petition challenging his detention without a bond hearing. He argues that (1) Respondents lack statutory authority to detain him without a bond hearing, ECF No. 1 ¶¶ 25–26; ECF No. 5 at 3–6; (2) his unauthorized detention violates the Fifth Amendment's Due Process Clause, ECF No. 1 ¶¶ 21–27; and (3) Respondents have failed to comply with their own regulations and the Administrative Procedure Act, *id.* ¶¶ 28–34.

## DISCUSSION

### I. Legal Standard

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of

proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## II. Analysis

The parties dispute both whether the Court has jurisdiction to order the relief Petitioner has requested and whether Petitioner is entitled to that relief. The Court considers its jurisdiction before turning to the merits.

### a. Jurisdiction

As a general matter, the Court has jurisdiction over Petitioner's habeas petition pursuant to 28 U.S.C. Sections 1331 and 2241. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) ("A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law."). Respondents argue that 8 U.S.C. Sections 1252(g) and (b)(9) divest the Court of jurisdiction here. The Court disagrees.

### 1. Section 1252(g)

Respondents first argue that Section 1252(g) deprives the Court of jurisdiction. That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal

orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)).  It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)." *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).  Chand "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. . . . [H]e challenges the decision to detain him." *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025).  So Section 1252(g) does not divest the Court of jurisdiction.

### 2. *Section 1252(b)(9)*

Respondents next argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction.[1] Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

---

[1] Respondents also cite 8 U.S.C. Section 1225(b)(4) for this argument.  That section provides,

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

Respondents do not identify any decision "favorable to the admission of any alien" or allege that any "challenge" to such a decision has "operate[d] to take [Chand] before an immigration judge."  8 U.S.C. § 1225(b)(4).  The relevance of this provision is not apparent.

This provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up).  It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)).  Finally, it applies only "[w]ith respect to review of an order of removal."  8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Respondents' argument that Section 1252(b)(9) deprives this Court of jurisdiction over Chand's petition fails for at least two reasons.  First, Chand's claim—that Respondents lack "legal authority to subject [him] to mandatory detention under [Section] 1225 instead of detention with a bond hearing under [Section] 1226(a)"—"is not a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025); *Aguilar*, 510 F.3d at 11 ("[T]he legislative history indicates that Congress intended to create an exception for claims 'independent' of removal.").

Second, Chand cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 10).  The core of this dispute is whether Chand can be detained with no bond hearing—that is, with no administrative opportunity to contest his detention—pending a removal determination.  If

Section 1252(b)(9) precluded this habeas petition, Chand's detention would be "effectively unreviewable," *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality), especially considering the BIA's novel position that immigration judges lack authority to even *entertain* bond requests, *Matter of Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

In short, the Court has jurisdiction to consider Chand's claims.

b.      Merits

Moving to the Merits, respondents lack statutory authority to detain Chand without a bond hearing. His detention is thus unlawful, and habeas relief is warranted.

1.      *Section 1225(b)(1)*

Respondents argue that Chand is detained under Section 1225(b)(1), which allows expedited removal of certain "arriving" noncitizens and of certain noncitizens who have not "been physically present in the United States continuously for the 2-year period immediately prior to the date" they were determined inadmissible "under th[at] subparagraph."

Respondents focus primarily on the fact that Petitioner was *initially* apprehended in 2024, less than two years after he entered the country. But Petitioner's 2024 apprehension was not under Section 1225(b)(1). Chand's Order of Release on Recognizance made clear that his release was "in accordance with" Section 1226. ECF No. 1-2 at 2. Respondents cannot retroactively transform what was clearly action taken under Section 1226 into detention under Section 1225(b)(1).

To the extent Respondents argue that Chand's current detention is pursuant to Section 1225(b)(1) independent of whether his 2024 apprehension was, they still miss the mark.

For one thing, Respondents admit that Chand is currently in "full" removal proceedings under 8 U.S.C. Section 1229a.  ECF No. 4 at 14.  Section 1225(b)(1) provides for *expedited* removal and requires detention for certain noncitizens undergoing expedited removal proceedings.  8 U.S.C. § 1225(b)(1), (b)(1)(B)(ii), (b)(1)(B)(iii)(IV).  Respondents have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings.  *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases).  They also do not contend that Chand is or was in expedited removal proceedings.  In short, even if Section 1225(b)(1) could—as a general matter—apply to Chand, he is not subject to expedited removal proceedings and thus is not subject to Section 1225(b)(1)'s detention provisions.  Respondents cannot detain Chand in connection with expedited removal proceedings that do not exist.

Independently, Section 1225(b)(1)(A)(iii), the statute on which Respondents rely, does not apply to Chand.  That subsection can only apply to someone "who has not affirmatively shown" that they "ha[ve] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under" Section 1225(b)(1)(A).[2]  8 U.S.C. § 1225(b)(1)(A)(iii)(II) (emphasis added).  But Respondents have not made an inadmissibility determination under Section 1225(b)(1)(A).  *Cf. Lopez v. Lyons*, No. 2:25-CV-03174-DJC-CKD, 2025 WL 3124116, at *2 (E.D. Cal. Nov. 7, 2025) (rejecting the argument that someone's initial contact with immigration officials was a "determination of

---

[2] This language appears in Section 1225(b)(1)(A)(iii)(II) and refers to an inadmissibility determination under "this subparagraph."  The phrase "this subparagraph" could, on its face, refer to Subsection (b)(1), (b)(1)(A), (b)(1)(A)(iii), or (b)(1)(A)(iii)(II).  But statutory context shows that it refers to Section 1225(b)(1)(A).  Specifically, Section 1225(b)(1)(A)(iii)(I) refers to "clauses (i) and (ii) of *this subparagraph*." (emphasis added).  "[C]lauses (i) and (ii)" are subsections of Section 1225(b)(1)(A), suggesting "this subparagraph" in Section 1225(b)(1)(A)(iii) refers to Section 1225(b)(1)(A).

inadmissibility" under Section 1225(b)(1) because "the Order of Release on Recognizance specifically state[d] that Petitioner was released pursuant to [S]ection 1226").

In fact, Respondents did not even find Chand inadmissible for a reason that could support such a determination. Section 1225(b)(1) applies when "an immigration officer determines that" someone is "inadmissible under" either 8 U.S.C. Section 1182(a)(6)(C) (for seeking entry by fraud or willful misrepresentation) or 8 U.S.C. Section 1182(a)(7) (for lack of valid entry documents "at the time of application for admission"). *See id.* § 1225(b)(1)(A). Chand was not found inadmissible under either of those subsections but rather under Section 1182(a)(6)(A)(i) (for being "present in the United States without being admitted or paroled" or for "arriv[ing] in the United States at any time or place other than as designated by the Attorney General"). ECF No. 4-1 at 1. Even if an inadmissibility determination that—like the one here—in no way purports to be under Section 1225(b)(1)(A) still could be, it certainly is not if it does not even rely on a ground for inadmissibility that renders that subsection applicable.

For those reasons, Respondents may not detain Chand under Section 1225(b)(1).

    2. *Section 1225(b)(2)*

The remaining statutory question is whether Section 1225(b)(2) applies to all noncitizens who, like Chand, are already in the country but entered without inspection.[3] If so, Section 1225(b)(2) makes Chand's detention mandatory. If not, Section 1226(a) applies, Chand's detention is discretionary, and he is entitled to a bond hearing if he remains detained. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025).

---

[3] Respondents do not directly assert that Section 1225(b)(2) applies here, but some of their arguments depend on language that appears only in that subsection. *See* ECF No. 7 at 6–11 (asserting that Chand must be detained as an "applicant for admission," a phrase that appears in Section 1225(b)(2), *not* Section 1225(b)(1)).

This is not a matter of first impression; in recent months, courts all over the country, including this one, have rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same); *Acea-Martinez v. Noem*, No. 5:25-cv-1390-XR, ECF No. 9.  These opinions rely on several rationales, from statutory language and context to legislative history and longstanding agency practice.  *See Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases); *see, e.g.*, *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) (noting that the BIA's interpretation in *Matter of Hurtado* was not entitled to any deference under *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), and was unpersuasive given its "inconsistency with prior pronouncements"); *see also id.* at * 5 (noting that Respondents' interpretation would render a recent amendment to the Immigration and Nationality Act, the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), "effectively meaningless").

The Court finds those opinions generally persuasive and will not restate every rationale therein.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3 ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, it will focus on the two factors that most clearly command against Respondents' broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

To start, Section 1225(b)(2)'s language is clear.  It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking

admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for"

removal proceedings.  8 U.S.C. § 1225(b)(2)(A).  That is to say, Section 1225(b)(2) requires

someone to be detained if three conditions are met: (1) the person is an "applicant for admission";

(2) the person is "seeking admission"; and (3) an "examining immigration officer determines" the

person "is not clearly and beyond a doubt entitled to be admitted."  *Id.*; *see, e.g.*, *Lopez Benitez v.*

*Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who

has not been admitted."  8 U.S.C. § 1225(a)(1).  "The terms 'admission' and 'admitted' mean, with

respect to an alien, the lawful entry of the alien into the United States after inspection and

authorization by an immigration officer."  *Id.* § 1101(a)(13)(A).  Because Petitioner is present in

the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an

immigration officer," he is an "applicant for admission."  *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Chand's detention, he was not "seeking admission."  Again, admission

refers to "lawful entry . . . into the United States after inspection and authorization by an

immigration officer."  *Id.* § 1101(a)(13)(A).  When ICE detained him in 2025, Chand was not

seeking entry, much less "lawful entry . . . after inspection and authorization."  *See Martinez v.*

*Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory

definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different,

obviously, from post-entry adjustment of status."  (Emphasis in original)); *Lopez Benitez*, 2025

WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking

admission' in [Section] 1225(b)(2)(A) mere surplusage").  Because Petitioner is not "seeking

admission," ICE may not detain him under Section 1225(b)(2).

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289. Courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)). So Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country." Respondents may not detain Chand pursuant to Section 1225(b)(2).

Because Chand cannot be detained under Section 1225(b)(1) or Section 1225(b)(2), the remaining option is Section 1226. As Respondents do not claim that Petitioner is being detained under Section 1226, however, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). His detention is unlawful, and habeas relief is proper. *See also* ECF No. 4 at 2–3 (Respondents' statement that "[t]he only relief available to Petitioner through habeas is release from custody").

c.   Attorney's Fees

Chand requests attorney's fees under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied. *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023).

**CONCLUSION**

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**. It is **ORDERED** that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Lokendra Kumar Chand from custody, under appropriate conditions of release, to a public place by **no later than 12:00 p.m. on December 4, 2025.**

2.      Respondents must **NOTIFY** Chand's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3.      If Chand is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that he be afforded a bond hearing;

4.      The parties shall **FILE** a Joint Status report **no later than 6:00 p.m. December 4, 2025**, confirming that Chand has been released.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 3rd day of December, 2025.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE